UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD B. WEBER, M.D., :
    Plaintiff, :
     :
v. : Case No. 3:06CV2009 (PCD)
     :
JOHN F. MCCORMICK, ET AL., :
    Defendants. :

## RULING ON MOTION FOR RECONSIDERATION

On October 18, Defendants John F. McCormick, Donna P. Frank, Mark Comerford, Patricia Wilson-Coker, and James Wietrak (the "DSS Defendants") moved for reconsideration of the Court's September 30, 2007 ruling on their motion to dismiss. Specifically, the DSS Defendants have moved the Court to reconsider the issue of whether the Complaint fails to state a claim for malicious prosecution against the DSS Defendants upon which relief can be granted. Defendants' Motion for Reconsideration [Doc. No. 118] is **granted;** however, for the reasons stated below, the Court's prior ruling is **affirmed**.

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving

party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). A party may also be entitled to reconsideration where a court overlooked controlling law or material facts. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (citations omitted); S. New England Tel. Co. v. Global Naps, Inc., 458 F. Supp. 2d 23, 25 (D. Conn. 2006). Ultimately, however, the question is a discretionary one, and the Court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

In their motion for reconsideration, the DSS Defendants contend that the Court's September 30th Ruling did not address whether Count One of the Complaint fails to state a claim of malicious prosecution according to the standard articulated by the Supreme Court in Hartman v. Moore, 547 U.S. 250, 126 S. Ct. 1696 (2006). However, nothing in the Hartman decision provides a basis for dismissing Plaintiff Weber's malicious prosecution against the DSS Defendants. In Hartman, the Supreme Court considered the question of whether a complaint states an actionable violation of the First Amendment if it does not allege an absence of probable cause to support the underlying criminal charge. The Hartman Court held that want of probable cause must be alleged and proven in a retaliatory prosecution claim. Id. at 252, 126 S. Ct. 1696. In this case, Plaintiff Weber clearly alleges that the DSS Defendants, among others named in the malicious prosecution claim, acted without probable cause during the initiation of the criminal prosecution. (Compl. ¶ 270.) Furthermore, as discussed in this Court's prior ruling, Weber has

2

properly alleged all four elements of a malicious prosecution tort, including the absence of probable cause. (See Ruling at 45-48). See also Justin F. v. Maloney, 476 F. Supp. 2d 141, 147 (D. Conn. 2007); McHale v. W.B.S. Corp., 187 Conn. 444, 447, 446 A.2d 815 (1982). Specifically, Weber has sufficiently alleged that the individual DSS Defendants were directly involved in referring Weber for criminal investigation by the OCSA and that their referral process was tainted and premised upon baseless recommendations. (See Compl. ¶¶ 142-163.) This conduct is subject to liability for malicious prosecution. Chimuranga v. City of New York, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999) ("Where a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable for malicious prosecution."). Also as discussed in the Court's prior ruling, the Complaint alleges personal involvement on the part of each individual DSS Defendant necessary to sustain a Section 1983 claim against them. (See Ruling at 43-44.) Accordingly, Weber has sufficiently stated a malicious prosecution claim against the DSS Defendants so as to withstand a motion to dismiss. The Court's prior ruling is therefore affirmed.

SO ORDERED.

Dated at New Haven, Connecticut, this  19th  day of November, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court